# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

LELIA WHITE,

           Plaintiff,

vs.

COIN LAUNDRY,
MAYNE PLACE, LLC, and
DOES 1-5,

           Defendants.

8:16CV42

ORDER

This matter is before the court on the named defendants' motions to set aside default and for leave to file responsive pleadings (Filing Nos. 26 and 28) and the plaintiff's motions for entry of default judgment (Filing Nos. 24 and 25). The defendants filed briefs (Filing Nos. 27 and 29) corresponding with the motions to set aside.

## BACKGROUND

The plaintiff filed the instant action on January 25, 2016. **See** Filing No. 1. The plaintiff sought summonses, which were issued for both named defendants. **See** Filing No. 5. On March 16, 2016, the plaintiff filed a proof of service indicating Coin Laundry had been served on March 7, 2016, through its registered agent. **See** Filing No. 6. On March 23, 2016, an attorney representing Coin Laundry entered an appearance seeking an extension of time, until April 28, 2016, to file an answer or otherwise respond to the plaintiff's complaint. **See** Filing No. 7. The court granted the motion. **See** Filing No. 9. On March 24, 2016, Coin Laundry filed a corporate disclosure statement, as required by Fed. R. Civ. P. 7.1, stating "'Coin Laundry is a trade name but is not a separate legal entity as referenced above." **See** Filing No. 10. On the same date, the plaintiff filed a proof of service indicating Mayne Place, LLC was served on March 21, 2016, through its registered agent. **See** Filing No. 11. On April 12, 2016, an attorney representing Mayne Place, LLC filed a motion seeking an extension of time to answer until May 12, 2016, which was granted, and a corporate disclosure statement identifying the members of the limited liability corporation. **See** Filing Nos. 13-15. The defendants did not file answers or any other response to the complaint.

On May 18, 2016, the plaintiff filed motions for clerk's entry of default based on the defendants' failure to respond to the complaint. **See** Filing Nos. 21 and 22. On May 19, 2016, the Clerk of Court entered default. **See** Filing No. 23. On June 7, 2016, the plaintiff filed motions for default judgment. **See** Filing Nos. 24 and 25.

On June 9, 2016, the defendants filed their motions to set aside default and for leave to file responsive pleadings. **See** Filing Nos. 26 and 28. Counsel for the defendants state: "Since this case was filed, the undersigned has communicated with the counsel for the Plaintiff regarding the issues presented in this case and possible resolution of the same." **See** Filing No. 26 - Motion p. 1. Additionally, counsel has been unexpectedly out of the office with a medical issue, ultimately requiring surgery. *Id.* Further the defendants argue they have meritorious defenses, which they describe. *Id.*; **see also** Filing No. 27 - Brief. Finally, the defendants contend the plaintiff would not suffer prejudice by relief from default. **See** Filing No. 26 - Motion p. 1.

**ANALYSIS**

An entry of default may be set aside "for good cause shown." Fed. R. Civ. P. 55(c). Although a motion to set aside an entry of default typically involves consideration of the same factors as a motion to set aside default judgment pursuant to Rule 60(b), relief from a mere default entry does not require as strong of a showing as excuse from a default judgment. ***Johnson v. Dayton Elec. Mfg. Co.***, 140 F.3d 781, 783 (8th Cir. 1998). There is a distinction because "it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." *Id.* at 784. After all, the judicial preference is to adjudicate claims on the merits. ***Oberstar v. F.D.I.C.***, 987 F.2d 494, 504 (8th Cir. 1993).

"Traditionally, in deciding issues of this kind, our court and others have looked at whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." ***Johnson***, 140 F.3d at 783; **see also** ***Stephenson v. El-Batrawi***, 524 F.3d 907, 912 (8th Cir. 2008); ***C-B Kenworth, Inc. v. General Motors Corp.***, 129 F.R.D. 13, 14-15 (D. Me. 1990) (holding "assertion of

2

default to be largely technical and further finds that Plaintiff will not be substantially prejudiced by the filing of a late answer"). Essentially, the court must determine whether good cause exists to set aside default and allow the defendant to proceed on the merits. **See** Fed. R. Civ. P. 6(b), 55(c).

The court finds good cause exists to set aside the entry of default. The defendants show their counsel entered an appearance in this case and initially sought extensions of time to answer. Additionally, the defendants' counsel was in contact with the plaintiff's counsel in attempt to resolve the case. Unexpected medical issues delayed the defendants' answers. Nevertheless, the defendants promptly reacted to the entry of default and diligently attempted to rectify of the matter. It does not appear the defendants engaged in any conduct to cause the delay, i.e., the delay was out of their control, rather than a willful flaunting of the deadline. **See *In re Jones Truck Lines, Inc.***, 63 F.3d 685, 687 (8th Cir. 1995). Any delay caused by the defendants' failure to file timely answers will have little affect the progression of this matter. Upon consideration,

**IT IS ORDERED**:

1. The defendants' motions to set aside default and for leave to file responsive pleadings (Filing Nos. 26 and 28) are granted.

2. The Clerk of Court shall modify the docket to show that the entries of default are hereby set aside.

3. The defendants shall have until **June 29, 2016**, to file answers or otherwise respond to the plaintiff's Complaint (Filing No. 1).

4. The plaintiff's motions for entry of default judgment (Filing Nos. 24 and 25) are denied, as moot.

5. The parties shall have until **July 15, 2016**, to meet, confer, and file a planning report as required by Fed. R. Civ. P. 26(f).

Dated this 15th day of June, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge