IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LELIA WHITE,<br><br>                         Plaintiff,<br><br>     v.<br><br>CHINESE RESTAURANT, MAYNE PLACE, LLC, and DOES 1-5, Inclusive;<br><br>                         Defendants. | 8:16CV42<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on plaintiff's motion for summary judgment, Filing No. 57, pursuant to Fed. R. Civ. P. 56. This case arises under Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182, *et seq.* Plaintiff contends that defendants' property contains "architectural barriers" in violation of the law.

      On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995).

      The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Therefore, if defendant does not meet its initial burden with respect to an issue, summary judgment must be denied notwithstanding the absence of opposing

affidavits or other evidence. *Adickes*, 398 U.S. at 159-60; *Cambee's Furniture, Inc. v. Doughboy Recreational Inc.*, 825 F.2d 167, 174 (8th Cir. 1987).

Once defendant meets its initial burden of showing there is no genuine issue of material fact, plaintiff may not rest upon the allegations of his or her pleadings but rather must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. See Fed. R. Civ. P. 56(e)(2); *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir. 1998). The party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts; he or she must show there is sufficient evidence to support a jury verdict in his or her favor. *Id.* "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Although we view the facts in a light most favorable to the non-moving party, in order to defeat a motion for summary judgment, the non-moving party cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Carter v. St. Louis Univ.*, 167 F.3d 398, 401 (8th Cir. 1999). "In ruling on a motion for summary judgment a court must not weigh evidence or make credibility determinations." *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003).

Plaintiff states she has a disability and receives Social Security Disability benefits. Defendant Mayne Place is the owner of the real property or landlord of defendant, Coin Laundry. This is a business of public accommodation under the ADA.

2

Plaintiff sets forth numerous violations located on this property.[1] *See also* Filing No. 58, Ex. A. White alleges that on or about January 21, 2016, she "attempted to enter the subject premises of the defendants herein to utilize goods and/or services offered by defendant COIN LAUNDRY. When (sic) Plaintiff attempted to enter the commercial building she had difficulty entering and using the facility because it failed to comply with federal ADA Access Guidelines For Building and Facilities [hereinafter 'ADAAG']." (Filing No. 1 at ¶ 7).

Title III of the ADA is concerned with discrimination that occurs in places of public accommodation. *See* 42 U.S.C. § 12182(a). A private right of action under Title III is available to any person who is "being subjected to discrimination on the basis of disability" or who has "reasonable grounds for believing that such person is about to be subjected to discrimination . . . ." 42 U.S.C. §12188(a)(1). Discrimination includes, "a failure to remove architectural barriers, and communication barriers that are structural in

---

[1] These violations include:

a. Designated disabled parking spaces are insufficient and in violation of ADAAG section 4.6.

b. Failure to provide adequate access aisle in violation of (ADAAG 4.6.3)

c. Failure to provide disabled parking space signage at proper height. (ADAAG 4.6.4)

d. Failure to provide unobstructed view of disabled parking signage in violation of ADAAG 4.6.4

e. Failure to provide Parking Space Emblem - Proper Size (ADAAG 4.6.4)

f. Failure to provide Designated Disabled "VAN ACCESSIBLE" Parking- Space (ADAAG 4.1.2(5)(b))

g. Failure to provide Designated Disabled "VAN ACCESSIBLE" Parking Space- Signage (ADAAG 4.1.2(5)(b)); and

h. Failure to provide Signage Installed -(Each Space) (ADAAG 4.6.4)

nature, in existing facilities…. where such removal is readily achievable." 42 U.S.C. §12182(b)(2)(A)(iv). To prove a violation, plaintiff must show:

> (1) that he is disabled within the meaning of the ADA, (2) that the defendant is a private entity that owns, leases, or operates a place of public accommodation, (3) that the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability, and (4) that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation.

*See* 42 U.S.C. § 12182(a) and (b) (2)(A)(ii); *Amir v. St. Louis University,* 184 F.3d 1017, 1027 (8th Cir.1999)

Defendant contends that plaintiff must first show she has standing to bring these claims. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). To establish standing the plaintiff must have suffered a concrete and particularized injury-in-fact, the injury must be traceable to defendants' conduct, and the injury must be redressable. *Allen v. Wright,* 468 U.S. 737, 755-57 (1984). Where the plaintiff seeks injunctive relief "he must demonstrate a real and immediate threat of future injury by the defendant.'" *Sawczyn v. BMO Harris Bank Nat. Ass'n,* 8 F. Supp. 3d 1108, 1111 (D. Minn. 2014) (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 101-02 (1983)). "[C]ourts often consider factors such as (1) the plaintiff's proximity to the accommodation; (2) the frequency of plaintiff's nearby travel; (3) the plaintiff's past patronage; and (4) the definiteness of plaintiff's plans to return." *Sawczyn,* 8 F. Supp. 3d at 1112 (internal citations omitted).

Plaintiff contends: she is disabled, although defendants dispute this; that defendants operation a laundry that is a place of "public accommodation; that there exist architectural barriers, although defendants dispute that it did not have a proper handicap parking space; and that such barriers are removable. The estimated cost of

4

repairs according to the plaintiff is $1,136.88.  See Filing No. 58-1 at 1.  Defendant also disputes the cost of the remedial action.

Defendants ask this court to deny the motion for summary judgment as "plaintiff lacks standing as she has shown no injury in fact"; failed to offer any admissible evidence of a "real and immediate threat of injury"; and failed to show discrimination against her because defendant failed to remove "architectural barriers" that are readily achievable, as material facts exists as to this issue.[2]

According to defendants, plaintiff in her answers to admissions admitted she did not use a wheelchair for mobility, would not admit or deny that she has stairs at her personal residence, did not admit or deny that she owns a van, and refused to admit or deny that she came to the subject premises on January 21, 2016, in a van, and refused to admit or deny whether she could have accessed any good services or accommodations offered by Coin Laundry, in spite of the "architectural barriers". Defendants hired E&A to inspect their property and made certain retrofits to their property following this complaint.  Defendant contends that the concrete in the parking lot must be replaced, but it is a bigger job than alleged by plaintiff.  Defendant is attempting to see if he can make these changes or not.

Defendants also contend that plaintiff makes no allegations regarding where she lives relative to the defendant, whether she is often in the area, whether she has been to the business on prior occasions.  Mere intent to return is insufficient.  *Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000) (quoting *Lujan*, 504 U.S. at 564).

---

[2] The court notes that the issue of standing is not squarely before it.  Defendants raise the issue in defense of the summary judgment motion.

Defendants point out that plaintiff also has failed to attach any affidavits regarding her evidence, her expert, and the unsigned exhibit of remedial costs. *See* NeCivR 7.1 and [Fed. R. Civ. P. 56](). Thus, argue defendants, plaintiff has not met her initial burden of showing the lack of an issue of material fact. Defendants argue that plaintiff has not asserted in her Complaint that she was unable to access any and all goods, services, facilities, privileges, advantages, or accommodations offered by Mayne Place because of alleged "barriers," that she has a handicapped sticker, or that she has a van for her disability. *See [Barfield v. American Enterprise Properties Nebraska,]() 2016 WL 4684106 (D. Neb. Aug. 17, 2016)* (Magistrate Judge's Finding, Recommendation, adopted in *[Barfield v. Midtown Gas and Grocery,]() Case No. 2016 WL 4688431 (D. Neb. Sept. 7, 2016)* (where the Court determined that failure to plead issuance of a handicapped permit prohibited standing to assert a "barrier removal" claim).

Defendants also argue that plaintiff has failed to articulate a likelihood of future injury. ""In evaluating whether an ADA plaintiff has established a likelihood of future injury, courts have been guided by: (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) plaintiff's frequency of travel near defendant."" *[Brown v. Grandmother's, Inc.,]() 2010 WL 611002, at \*6 (D. Neb. Feb. 16, 2010)*, quoting *[Molski v. Kahn Winery,]() 405 F. Supp. 2d 1160, 1163 (C.D. Cal. 2005)*. Recently Judge Zwart stated:

> (1) the plaintiff's proximity to the accommodation; (2) the frequency of plaintiff's nearby travel; (3) the plaintiff's past patronage; and (4) the definiteness of plaintiff's plans to return.

> While the burden of pleading the threat of a real and immediate threat of future injury is not especially onerous in ADAAG cases, Plaintiff's skeletal description of the alleged future harm is insufficient to demonstrate he has standing. He has not indicated where he lives relative to Defendants' business, how often he visits the area where Defendants' business is located, or whether he has visited Defendants' business on prior occasions. Such information is necessary to determine whether Plaintiff has properly established standing to bring this suit.

*Barfield v. American Enterprise Properties Nebraska, supra*, quoting, *Sawczyn,* 8 F. Supp. 3d at 1112 (internal citations omitted).

Finally, defendants argue that plaintiff has failed to submit any evidence that removal of a barrier is "readily achievable." 42 U.S.C. § 12181(9).[3] On the contrary, contends defendant, Mayne Place has described the extensive time and expense associated with the removal, repair and re-striping of the parking lot at the Subject Property.

The court finds there exist material issues of fact on most of the issues in this case. The parties do not even agree if plaintiff is disabled. Defendants dispute whether plaintiff has standing to raise these ADA issues. The parties disagree whether the

---

[3] The factors to consider in determining if an action is "readily achievable" include:

a. the nature and cost of the action needed under this chapter;

b. the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;

c. the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and

d. the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9).

remedial costs are prohibitive. Accordingly, the court will deny the motion for summary judgment and the case will proceed accordingly.

THEREFORE, IT IS ORDERED THAT:

1. Plaintiff's motion for summary judgment, Filing No. 57, is denied;

2. Defendants' objection to attachments, Filing No. 62, is denied as moot.

Dated this 20th day of June, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge