IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LELIA WHITE,<br><br>                    Plaintiff,<br><br>          vs.<br><br>COIN LAUNDRY and  MAYNE PLACE,<br>LLC.,<br><br>                    Defendants. | **8:16CV42**<br><br><br>**AMENDED[1]**<br>**MEMORANDUM AND ORDER** |

This matter is before the court on the plaintiff's motion to dismiss without prejudice, Filing No. 89, and on the defendant's oral motion to dismiss with prejudice.

I.      BACKGROUND

This is an action for violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182, *et seq.*   The matter was set for trial commencing at 10:00 a.m. on Monday, September 18, 2017.  The plaintiff did not submit trial materials as ordered in the Order on Pretrial Conference, but rather moved to dismiss without prejudice late on the Friday preceding the trial date.

On the morning of the trial, the defendant appeared with counsel, James McVay, prepared for trial.  The plaintiff did not appear.  Defense counsel stated the defendant had no objection to a dismissal, but orally moved for a dismissal with prejudice.

II.      LAW

The plaintiff has an unfettered right to dismiss, without court approval, before the opposing party files an answer or with a stipulation signed by all parties.  Fed. R. Civ. P.

---

[1] The court amends the Memorandum and Order sua sponte to correct the spelling of the last name of defendant's counsel.

41(a)(1)(i) & (ii).  Rule 41(a)(1) cases require no judicial approval or review as a prerequisite to dismissal; in fact, the dismissal is effective upon filing, with no court action required.  *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1080 (8th Cir. 2017). The purpose of Rule 41(a)(1)(i) is to fix the point at which the resources of the court and the defendant are so committed that dismissal without preclusive consequences can no longer be had as of right.  *In re Piper Aircraft Distribution Sys. Antitrust Litig.*, 551 F.2d 213, 220 (8th Cir. 1977).

Rule 41(a)(2) dismissals, which apply once an answer or motion for summary judgment has been served, are contested dismissals that require a district court's approval and a court order.  *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1079 (8th Cir. 2017); Fed. R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.").  "Rule 41(a)(2)'s purpose 'is primarily to prevent voluntary dismissals which unfairly affect the other side."  *Id.* (quoting *Paulucci v. Duluth*, 826 F.2d 780, 782 (8th Cir. 1987)).  A "'[v]oluntary dismissal under Rule 41(a)(2) should not be granted if a party will be prejudiced by the dismissal.'"  *Id.*  (quoting *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262 (8th Cir. 1993)).

If the plaintiff either moves for dismissal without prejudice or fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the court.  *Beavers v. Bretherick*, 227 Fed. App'x 518, 520 (8th Cir. 2007) (stating the decision to grant or deny a plaintiff's motion to dismiss a lawsuit voluntarily is within the sound discretion of the district court); *see generally* Charles Allen Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure. § 2364 (3d ed.

1998).  The trial court may grant a Rule 41(a) dismissal without prejudice or may require that the dismissal be with prejudice.  *See, e.g., Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998) (refusal to dismiss without prejudice not abuse of discretion when defendant had expended considerable time and money defending suit, plaintiff had not been diligent, plaintiff's claims were precluded by law, and defendant had moved for summary judgment); *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1263 (8th Cir. 1993) (observing that if a defendant demonstrated a valid defense to a plaintiff's claims, a district court would abuse its discretion by granting a plaintiff's motion to voluntarily dismiss without prejudice).

In exercising its discretion in determining whether to grant a motion to voluntarily dismiss without prejudice under Fed. R. Civ. P. 41(a)(2), a district court should consider the following four factors: (1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant. *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987); *see also Adams*, 863 F.3d at 1080 (noting that in determining a contested motion for voluntary dismissal under Rule 41(a)(2), a district court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants).

Alternatively, Federal Rule of Civil Procedure 41(b) empowers courts to dismiss a plaintiff's lawsuit with prejudice for failure to prosecute or failure to comply with either the Federal Rules or a court order:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). "This power enables the district courts to ensure the expeditious handling of cases and to protect the rights of opposing parties to be free of prejudice caused by a litigant's dilatory conduct." *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997). Dismissal with prejudice is "only . . . available for 'willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay.'" *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009) (quoting *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000)). Willful disobedience or intentional delay does not require a finding "that the [plaintiff] acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'" *Hunt*, 203 F.3d at 527 (quoting *Rodgers v. Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998)). In considering this remedy, "[a] district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Hutchins*, 116 F.3d at 1260. Less severe sanctions, however, are not required if they

create futility by leaving a plaintiff "'totally unable to prove his claims.'" *Siems*, 560 F.3d at 827 (quoting *Hunt*, 203 F .3d at 528).

III.    DISCUSSION

In the present case, the court finds the factor of the defendant's effort and expense in preparing for trial weigh in favor of a with prejudice dismissal. The plaintiff's motion to voluntarily dismiss was filed on the eve of trial, after the defendant had prepared and submitted his trial materials in accordance with the order on pretrial conference. Evidence supports a conclusion that the plaintiff has been less than diligent in prosecuting this action. The plaintiff has propounded no reason for seeking dismissal of the action. Last, the plaintiff earlier moved for summary judgment, necessitating a response from the defendant, and the motion was denied.

Further, the court finds that taken as a whole, the plaintiff's actions and inactions amount to a persistent pattern of delay. There is no indication the lapses were accidental or involuntary. This action has been pending since January 25, 2016. The plaintiff failed to respond to the defendant's earlier motion to dismiss on the ground of standing. In the order on pretrial conference, the plaintiff was ordered to submit a trial brief and proposed findings of fact and conclusions of law on or before September 14, 2017, but failed to do so. Finally, the plaintiff did not appear at the scheduled trial.

Under the circumstances, the court finds a dismissal without prejudice would not be appropriate. In any event, the materials submitted to the court this far establish that the alleged violation has been remedied and the action is moot. This court concludes in its discretion that that the plaintiff's action should be dismissed with prejudice under

Rule 41(a)(2) because the defendant has shown prejudice in that it has expended the effort and expense of preparing for trial.

Alternatively, the court finds the defendant's motion for a with prejudice dismissal should be granted under Federal Rule of Civil Procedure 41(b) in light of the plaintiff's failure to comply with this court's orders and for failure to prosecute her case. Accordingly,

IT IS HEREBY ORDERED that

1. Plaintiff's motion to dismiss, Filing No. 89, is granted with respect to dismissal, but denied with respect to dismissal without prejudice;

2. Defendant's oral motion to dismiss with prejudice is granted; and

3. This action is dismissed with prejudice.

Dated this 19th day of September, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge