IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LELIA WHITE,<br><br>                Plaintiff,<br><br>v.<br><br>COIN LAUNDRY, MAYNE PLACE, LLC.;<br><br>                Defendants. | 8:16CV42<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the defendants' motion for attorney fees and costs, Filing No. 95. The plaintiff objects to this motion. Filing No. 98. Plaintiff filed this action contending that the defendants violated Title III of the American with Disabilities Act, 42 U.S.C. § 12101 *et. seq.,* as defendants' property contained "architectural barriers" that hindered accessibility for people with disabilities. Prior to trial, plaintiff dismissed her case. Coin Laundry and Mayne Place, LLC, defendants, pursuant to 28 U.S.C. § 1927, and the court's September 19, 2017, Amended Memorandum and Order (Filing No. 94), request attorney fees and costs as a result of the lawsuit in the amount of $8,294.60 ($8,211.00 in fees and costs of $83.60). See Filing No. 97-1.

In their argument, defendants first note that:

> As the Court is well aware, and as noted in the Amended Memorandum and Order entered on September 19, 2017 (Filing No. 94), the actions and inactions of White and her attorney in this case amounted to a "persistent pattern of delay." These include White's failure to respond to the Offer of Judgment which was filed by the Defendants on January 10, 2017 (Filing No. 48), failure to respond to the Defendants' Motion to Dismiss (Filing No. 67), failure to submit a trial brief or findings of fact and conclusions of law as set forth in the Order on Pretrial Conference, and her failure to appear at the trial scheduled for September 18, 2017.

Brief of Defendants, Filing No. 96 at 1-2. Defendants contend that pursuant to § 1927, they are entitled to fees,

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927; *see also* *Dillon v. Nissan Motor Co.,* 986 F.2d 263, 266 (8th Cir. 1993) (Court has inherent power to assess attorney fees when party has acted vexatiously, wantonly, or for oppressive reasons). In *Dillon*, the plaintiff failed to preserve a car for additional testing, and thus, sanctions were appropriate. The courts have recognized that "sanctions are warranted under § 1927 when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Wood v. Khan Hotels LLC,* 2013 WL 1867056 (D. Neb. May 3, 2013), *see also*, *EEOC v. Trans States Airlines, Inc.,* 462 F.3d 987, 996 (8th Cir. 2006); *Lee v. L.B. Sales, Inc.,* 177 F.3d 714, 718 (8th Cir. 1999) (because § 1927 is penal in nature, it should be strictly construed so that it does not dampen the legitimate zeal of an attorney in representing his client.)

Defendants argue that there is a persistent pattern of delay regarding motions, briefs, and hearings, and that ultimately, the Friday before the Monday trial, plaintiff filed a motion to dismiss its case. These actions, argue defendants, were intended to cause delay and incur costs and expenses and fees on the part of the defendants.

Plaintiff responds arguing that it has no obligation to respond to an offer of judgment, particularly since the parties had discussed the issue and could not agree on a reasonable attorney's fee. Next, plaintiff contends that defendants' motion for

summary judgment caused plaintiff to respond to the motion. The Court denied the motion, finding that material facts existed. The amount of money spent on that motion were caused by the defendants, argues plaintiff. Third, plaintiff contends that her failure to file a trial brief does not hurt the defendants' bottom line, and if anything, it helped the defendants' clients. Next, plaintiff contends that defendants' costs were incurred in preparation for trial and not because of anything the plaintiff did or did not do. Plaintiff contends that she made many attempts to settle this matter. Plaintiff further contends that she did request a delay, which was granted by the magistrate judge, and the defendants did not object. The plaintiff argues she informed the court in open court that she might have a witness problem, and if that problem persisted, she would dismiss the case. Thereafter, plaintiff filed the dismissal papers, and the court dismissed the case with prejudice. Filing No. 94. Plaintiff concludes arguing she did not create any excess costs for the defendants pursuant to § 1927.

The court finds the plaintiff is correct in this regard. It is true that this court concluded the plaintiff failed to comply with this court's orders and failed to adequately prosecute her case. Filing No. 94, at 6. Further, the court determined that "the plaintiff's actions and inactions amount to a persistent pattern of delay. *Id* at 2. However, these determinations were made with regard to whether the Court should dismiss the case with or without prejudice, and the court dismissed the case with prejudice.

With regard to attorney fees, the court finds there is insufficient evidence to meet the standard set forth in § 1927. The court must strictly construe § 1927 and approach this issue with circumspection. *L.B. Sales,* 177 F.3d at 718 (citations omitted). The

3

court does not believe that the plaintiff acted vexatiously, wantonly, or for oppressive reasons. The court believes the plaintiff and plaintiff's counsel could have responded in a more diligent manner, and the court is unhappy with the last minute motion to dismiss and the failure of plaintiff's counsel to appear for trial. However, the court does not believe this rises to the level of assessment of attorney fees and costs.

THEREFORE, IT IS ORDERED THAT defendants' motion for attorney fees, Filing No. 95, is denied.

Dated this 9th day of November, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge